FILED
United States Court of Appeals
Tenth Circuit

May 21, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOE BUFOGLE, as personal
representative of the estate of Brandon
Scott Looper, deceased,

Plaintiff-Appellant,

v.

EQUITY INSURANCE COMPANY,

Defendant-Appellee.

No. 12-5151
(D.C. No. 4:11-CV-00657-CVE-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **O'BRIEN**, Circuit Judges.

Joe Bufogle, personal representative of the estate of Brandon Scott Looper

("Estate"), appeals from a summary judgment entered in favor of Equity Insurance

Company ("Equity") on his claims of breach of contract and bad faith. We affirm.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Our jurisdiction derives from 28 U.S.C. § 1291.

Looper applied for automobile insurance with Equity on June 16, 2008. Equity issued a policy to him providing coverage from June 16, 2008, until December 16, 2008 at a total cost of $643. The terms of the policy required Looper to make a $120 down payment, which he made on June 24, 2008, and the first of five monthly installment payments was due June 29, 2008. Because Equity discovered violations on Looper's driving record, which he failed to disclose, it increased the six month premium to $907 effective June 23, 2008. Although it is unclear what the previously-quoted installment payments were, the increased premium required a $208 installment payment the first month, due June 29, and $161 for each of the final four installments. Although the amount due increased, neither the payment schedule nor the effective dates of the policy changed.

Looper failed to make the initial installment payment by June 29, 2008. As a consequence, on July 1, Equity sent him a cancellation notice, stating his installment payment was overdue and his policy would be canceled on July 13, 2008, if he failed to make a $208 installment payment by that date. Equity sent Looper another copy of his payment schedule on July 7, 2008. Looper had two telephone discussions about his payment obligations with the insurance agency that sold him the policy, but never made a payment other than the initial $120.

On July 17, 2008, Looper was killed in an automobile accident. He was the driver. The estate of one of the passengers also killed in the accident sued Looper's estate, which asked Equity to provide a defense. Equity refused because Looper had

no policy in force on the date of the accident. The Estate did not defend against the lawsuit and default judgment was entered against it in the amount of $450,000.

The Estate then filed suit against Equity, contending: 1) it breached the insurance contract with Looper and 2) because it lacked a good faith belief that no coverage existed, it acted in bad faith by not defending against the lawsuit. Both Equity and the Estate moved for summary judgment.

On August 22, 2012, the district judge granted Equity's motion and denied the Estate's. The Estate relied on *Equity Ins. Co. v. City of Jenks*, in which the Oklahoma Supreme Court held an insurer may not give notice of cancellation before nonpayment occurs and notice must be definite and unconditional. 184 P.3d 541, 544-45 (Okla. 2008) (also construing the same insurer's policy to require ten days' notice before the policy is canceled). The judge rejected the Estate's argument because, unlike the company's actions in *City of Jenks*, Equity did not send Looper a combined invoice and notice of cancellation before the invoice's due date, rather it sent a cancellation notice only after Looper failed to timely make the first installment payment. The Estate's argument that Equity's cancellation notice was equivocal fared no better because the cancellation notice was clear: the policy would be canceled on July 13, 2008, if the installment was not timely paid. And, Equity did not cancel the policy until ten days after notice of cancellation was provided. She also rejected the Estate's argument that Looper reasonably expected coverage to

continue for at least 30 days after he made the $120 down payment despite his failure to make other required payments when due.

The judge concluded there was no bad faith in Equity's refusal to defend a lawsuit where no coverage existed. She also refused to certify the issues to the Oklahoma Supreme Court as the Estate requested.

The judge did not abuse her discretion in declining to certify issues to the Oklahoma Supreme Court, *see Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1235 (10th Cir. 2012), because the issues were sufficiently settled by *City of Jenks*. *See Equity Ins. Co. v. St. Clair*, 196 P.3d 981 (Okla. 2008).

We agree with the district judge in all other respects, specifically:  1) Equity's cancellation of the insurance policy was valid under Oklahoma law, 2) Equity did not exhibit bad faith in refusing to defend against or pay uninsured claims, and 3) Looper could not reasonably expect coverage to continue for at least 30 days in spite of clear and timely warnings to the contrary.

We see no reason to reinvent the wheel.  The district court correctly decided the issues presented to it and cogently explained its decision.  We AFFIRM.

Entered for the Court


Terrence L. O'Brien
Circuit Judge

- 4 -